# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 12-308** |
| **JOSE TRANSITO LOPEZ** | **SECTION: "H"(4)** |

## ORDER

Before the Court is Defendant Jose Lopez's Motion for Downward Variance (Doc. 42). For the following reasons, Defendant's Motion is DENIED.

On March 7, 2013 Defendant pled guilty to one count of being present in the United States after having been officially deported, in violation of 8 U.S.C. § 1326(a). The indictment also contained a Notice of Sentencing Enhancement pursuant to 8 U.S.C. § 1326(b)(2) alleging that Defendant had at least one prior aggravated felony criminal conviction, thereby increasing the penalties for the underlying offense. On July 25, 2013, the Court sentenced Defendant to a term of 82 months in prison. On July 10, 2014, the Fifth Circuit denied Defendant's appeal as frivolous.

On March 2, 2018, Defendant filed a motion requesting that the Court reevaluate his sentence on the grounds that it was procedurally and

1

substantively unreasonable. Defendant's only argument is that his sentence is longer than the national average sentence imposed for illegal reentry. Even assuming that Defendant's statistics are correct, Defendant offers no legal grounds for the revision of his sentence. Rule 35 of the Federal Rules of Criminal Procedure allows a court, within fourteen days of sentencing, to correct a sentence that resulted from a clear error.[1] Defendant's motion is both late and fails to identify "an arithmetical, technical, or other clear error."[2] Defendant was sentenced within the Sentencing Commission guidelines. Additionally, were the Court to construe Defendant's motion as one under 28 U.S.C. § 2255 seeking redress for an unconstitutionally lengthy sentence, the motion would be barred because it was filed more than one year after Defendant's judgment of conviction became final.[3]

Alternatively, Defendant asks the Court to seek a request for removal pursuant to 8 U.S.C. § 1231(4)(B)(i). That statute allows the Attorney General to remove an imprisoned alien. However, the statute does not provide a private right of action to compel removal.[4] Accordingly;

**IT IS ORDERED** that Defendant's Motion is DENIED.

New Orleans, Louisiana this 29th day of May, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[1] FED. R. CRIM. P. 35.
[2] *Id.*
[3] *See* 28 U.S.C. § 2255(f).
[4] 8 U.S.C. § 1231(4)(D).